*MELLON* vs. *LOUISIANA STATE INSURANCE COMPANY.*

EasternDis't
*April*, 1827.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This is an action on a policy of insurance, in which the plaintiff alleges a loss of the merchandise insured, and abandonment made to the owners; and claims indemnity as for a total loss. The case was submitted to a jury in the court below, and comes up on a bill of exceptions taken by the counsel for the defendants, (who are here appellants) to a charge of the judge *a quo*, to the jury in the course of the trial. This charge, as it appears in the record, was expressed in the following terms:—" The judge charged the jury, that even if the jury was of opinion, there was no abandonment in August, 1825; yet if the jury were satisfied that no damage had occurred by the failure of the assured to abandon, within a reasonable time, such delay did not impair in any manner the rights of the assured. The counsel for the defendants objected to said charge, and prayed the court to charge the jury that the abandonment, in all cases wherein any part of the thing insured is saved, or any rights or claims exist in relation to the pro-

In case of a total loss, the assured must abandon within a reasonable time.

And whether the abandonment was made within a reasonable time, is a proper question to be submitted to the jury.

EasternDis'ct
April, 1827.

MELLON
vs
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

perty, must be made within a reasonable time. The judge refused to charge the jury, as requested, &c.

We are of opinion, that this charge is erroneous. In cases of insurance, where a part of the property insured is saved, but the loss on the whole is so considerable as to authorise the owners to treat it as total; such totality of loss, and consequent right in favour of the assured to recover full indemnity, can be effected only by abandonment on their part of all rights and claims to the underwriters, of any portion which may be saved. In the present case, the evidence shews that the goods insured were sold in Savannah, a port which the vessel was forced, by stress of weather, to put into; and was there found to be incapable of prosecuting her intended voyage, and no other conveyance being found for them to their place of destination, the commercial adventure of the assured was entirely frustrated, and perhaps, he had a right to abandon to the defendants, and claim indemnity as for a total loss: but without abandonment, which was necessary to vest rights in the insurers, such claim cannot be justified; for it would be most clearly unjust to suffer him to retain his right to the

EasternDis'ct
*April*, 1827.

[MELLON
*vs.*
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

property insured, or its proceeds—and, at the same time, to recover its value from the underwriters. Assuming it as true, that the plaintiff was bound to abandon before he could legally claim indemnity from the defendants, as for a total loss (and that such a measure was necessary to enable him to recover to the extent claimed in his petition, seems to be admitted, by an abandonment tendered some time after information was received of the disaster which occurred to the vessel and cargo)—a question then arises as to the reasonableness of the time in which said abandonment was made; which might have been left to the jury under a proper charge from the judge as to the law on the subject. Delays, in giving notice of abandonment, which may be tolerated, must depend much on the peculiar circumstances of the cases in which they occur; but surely this notice ought to be given in a reasonable time in all cases wherein an abandonment is required. The judge *a quo*, therefore, erred in refusing to charge the jury, as requested by the counsel for the defendants. See *Park on Ins.* p. 383 and 442 ; also *Benecke*, p. 336 and 420. As the charge which he gave may have influenced the jury in returning a verdict against the de

MELLON
vs.
LOUISIANA
STATE INSU-
RANCE COM-
PANY.

fendants for a total loss; and as that charge, in our opinion, is not in strict conformity with law: it is ordered, adjudged and decreed, that the judgment of the court below be avoided, reversed and annulled; and it is further ordered, &c. that the cause be remanded to said court to be tried *de novo*, the appellee to pay the costs of this appeal.

*Watts & Lobdell* for the plaintiff, *Eustis* for the defendants.